FREDERICK OTTUSCH, Appellant, v. JOHN F. STAMM, Respondent.— Action to recover damages for personal injuries sustained by plaintiff when struck by defendant's automobile as he was crossing a city street. Judgment in favor of defendant, entered on the verdict of the jury, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.

HAROLD OWEN, Individually and as Administrator, etc., of BESSIE MAY OWEN, Deceased, Respondent, v. ALVAH J. DECKER and CHARLES M. DECKER, Appellants. FRANKLIN G. JONES and ELLEN F. JONES, an Infant, by ISABELLE MEANEY, Her Guardian ad Litem, Respondents, v. ALVAH J. DECKER and CHARLES M. DECKER, Appellants, and HAROLD OWEN, Defendant. ANTONIO TURIANO, Respondent, v. ALVAH J. DECKER and CHARLES M. DECKER, Appellants, and HAROLD OWEN, Defendant. ALVAH J. DECKER, Plaintiff, v. HAROLD OWEN, Defendant.— In a collision between plaintiff's automobile and defendant's truck plaintiff Harold Owen's intestate was killed and he and the other plaintiffs, who were passengers, were injured. Originally there were six actions, but they were consolidated into four and tried together. - Judgment for plaintiffs unanimously affirmed, with costs. Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.

PLATON PAWLIUK, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment of the City Court of Yonkers, the order denying defendant's motion to set aside the verdict and for a new trial, and the order denying defendant's motion for a new trial on newly-discovered evidence reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The plaintiff makes a claim on two policies of insurance for total disability. The question concerns the age of the insured at the time the policies were issued. The verdict is against the weight of evidence. Plaintiff evidently does not know his own age accurately, and documents containing his own admissions indicate that he was much older than the age stated in the policies. Evidently he took this view of it when the settlement was made with him on the basis of his age as admitted by him. (See decision on former appeal, 243 App. Div. 798.) The additional evidence on this trial added little, if any, corroboration to the proof produced on the former trial, although further proof must have been available. The defendant on the motion for a new trial on newly-discovered evidence showed that it would be able to produce proof in respect to the age of plaintiff and contradictory to that of the new witness. Under these circumstances, with the plaintiff's case lacking apparent merit, the discretion of the court will be exercised to grant a new trial. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.

CLARA L. PENROSE, Respondent, v. LILLIAN M. DOODY and Others, Defendants, and BESSIE DOODY, Appellant.— Order denying motion of defendant Bessie Doody to compel plaintiff to accept payment of costs, taxes and interest, to vacate the judgment of foreclosure and sale, and for a stay of the action, pursuant to section 1077-h of the Civil Practice Act, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK GATTINI, Appellant.— Judgment of the County Court of Nassau county convicting defendant of the crime of seduction under promise of marriage, and order unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Hagarty and Carswell, JJ.; Tompkins, J., not voting.